UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

QUINCY L. CLAYTON,

                                            Plaintiff,        19-CV-6345
                                                                       ORDER

      v.

COMMISSIONER OF SOCIAL SECURITY,

                                            Defendant.

Presently before the Court are plaintiff's applications for appointment of counsel and for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. ECF Nos. 2, 3. Plaintiff asserts that the appointment of counsel is necessary because of the complexities of his legal action, and his inability to retain private counsel to defend him against defendant's dispositive motion. ECF No. 3. For the reasons that follow, plaintiff's motion for appointment of counsel is **denied without prejudice to renew** and plaintiff's motion for leave to proceed in *forma pauperis* is **granted.**

Unlike most criminal defendants, civil litigants do not have a constitutional right to *pro bono* counsel. *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994). However, the court has the discretion to appoint counsel pursuant to 28 U.S.C. § 1915(e) when deemed appropriate. *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988). In deciding whether appointment of counsel is appropriate, the Court should follow the standards outlined by the Second Circuit in *Hodge v. Police Officers*:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues, and any special reason in the case why appointment of counsel would be more likely to lead to a just determination.

802 F.2d, 58, 61-62 (2d Cir. 1986).

Applying these factors to the instant case, this Court finds that the appointment of counsel is unwarranted at this time. For purposes of this application, the Court will assume, without deciding, that the case may be of substance. Plaintiff is seeking review of a decision of the decision of the Commissioner is not overly complex or novel. *Foggie ex rel. Geronimo v. Comm'r of Soc. Sec.*, 243 F. Supp. 2d 2, 4 (S.D.N.Y. 2003). The record here also demonstrates that plaintiff can litigate this matter unassisted because he filed the instant action within the prescribed deadline. Plaintiff has been able to effectively litigate this action by properly presenting his claims in his complaint and articulating his request for assignment of counsel and for leave to proceed *in forma pauperis* concisely and with clarity. *Lauro v. Comm'r of Soc. Sec.*, 6:12-CV-912 (MAD/DEP), 2012 WL12929879 (N.D.N.Y. Dec.18, 2012). Additionally, plaintiff has demonstrated an ability to bring his claim to the attention of attorneys. *MacLeay v. Comm'r of Soc. Sec.*, No. 08-CV-766S, 2010 WL 276273, at *1 (W.D.N.Y. Jan 18, 2010) (motion to appoint counsel was denied after plaintiff sought legal assistance from several attorneys). Therefore, it does not appear that o will be unable to provide opposition to defendant's motion for judgment on the pleadings. *Id.* Thus, based on the existing record in this case, appointment of counsel is unwarranted at this time.

Additionally, the Court has reviewed the affidavit in support of the *in forma pauperis* application in accordance with 28 U.S.C. § 1915(a)(1) and the complaint in accordance with the 28 U.S.C. § 1915(e)(2) criteria. The Court finds that plaintiff meets the statutory requirements for *in forma pauperis* status and therefore her *in forma pauperis* motion (ECF No. 2) is granted. The Clerk of Court is directed to file plaintiff's papers without payment. Service of the summons and complaint upon defendant has been performed electronically pursuant to WDNY Local Rule 5.5.

Unpaid fees will be recoverable if plaintiff receives a monetary award through the termination of this action.

## Conclusion

For the foregoing reasons, plaintiff's motion for appointment of counsel (ECF No. 3) is **denied** without prejudice to renew and his motion for leave to proceed *in forma pauperis* (ECF No. 2) is **granted.**

**IT IS SO ORDERED.**

Dated: May 16, 2019
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court